IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN J. MUNIC, : | |
| Plaintiff : | |
| v. : | CIVIL NO. 4:CV-13-2245 |
| WARDEN DAVID LANGAN, ET AL., : | (Judge Brann) |
| Defendants : | |

**MEMORANDUM**

October 4, 2016

**Background**

Steven J. Munic filed this pro se civil rights action regarding his prior confinement at the Lackawanna County Prison, Scranton, Pennsylvania. An Amended Complaint was subsequently filed. Following his release from prison the Plaintiff took up residence in Pleasantville, New Jersey. By Memorandum and Order dated September 18, 2015, Defendants' motion for partial dismissal was granted.

Remaining Defendants filed a motion to dismiss on June 15, 2016, stating that Plaintiff passed away on May 16, 2016. See Doc. 118. Munic's parents Martin and Joan Munic, and brother, Jeffrey Carino, were identified in a copy of

1

an obituary accompanying the motion as being the decedent's next of kin.[1]

On June 21, 2016, this Court issued an Order in accordance with Federal Rule of Civil Procedure 25(a)(1).[2]  The Order granted Plaintiff's survivors and his personal representative or representatives ninety (90) days in which to notify this Court in writing if they wish to be substituted for the Plaintiff in this action.  In addition, the Order forewarned the Plaintiff's successor or representative that if a motion for substitution was not filed within the relevant time period, this action would be dismissed.

A copy of the Amended Complaint and the June 21, 2016 Order was mailed to the Plaintiff's last known address and as well as the address for his parents

---

[1] Plaintiff's parents are listed as being residents of Coral Lakes, Boynton Beach, Florida.

[2] Federal Rule of Civil Procedure 25(a)(1) provides:
(a)  Death.

(1)  If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion for substitution is not made within 90 days after service of a statement noting the death, the action by or against the decedent shall be dismissed.

which appeared in the obituary.  Both mailings were returned as undeliverable.  See Docs. 120 & 121.  The deadline has passed and this Court has not received a motion for substitution or any correspondence whatsoever from any representative or successor of the Plaintiff.  In accordance with the June 21, 2001 Order, this matter will be dismissed.   An appropriate Order will enter.


                            BY THE COURT:


                              s/   Matthew W. Brann
                            Matthew W. Brann
                            United States District Judge